UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**TEXAS GENERAL LAND OFFICE**          **CASE NO. 5:24-CV-00764**

**VERSUS**                             **JUDGE TERRY A. DOUGHTY**

**NOAH ARC COMMUNITY DEVELOPMENT**     **MAGISTRATE JUDGE HORNSBY**
**CORP INC**

**MEMORANDUM ORDER**

Pending before the Court is an Appeal of Order to Remand [Doc. No. 10] filed by *pro se* Movant, Rick Sims ("Sims" or "Appellant"). Appellant seeks relief from Magistrate Judge Hornsby's Order of Remand [Doc. No. 7]. Plaintiff, Texas General Land Office ("Plaintiff" or "TGLO") filed a Response [Doc. No. 19]. Appellant has not filed a Reply.

For the reasons set forth below, **IT IS ORDERED** that Sims's Appeal is **DENIED**, and this case is hereby **REMANDED** to the 98th Judicial District Court, Travis County, Texas.

**I.      FACTS AND PROCEDURAL BACKGROUND**

On May 3, 2024, TGLO filed a Petition in the 98th Judicial District Court, Travis County, Texas against Defendant, Noah Arc Community Development Corp Inc. ("Defendant" or "Noah Arc").[1] On May 29, 2024, Defendant and Sims attempted to remove that Petition to this Court.[2] On May 31, 2024, Defendant and Sims again attempted to remove the Petition to this Court.[3]

On June 6, 2024, this Court sent Noah Arc a Notice of Deficient Document informing Noah Arc that, pursuant to FED. R. CIV. P. 11, an entity cannot sign a pleading and must instead

---

[1] [Doc. No. 1-2].
[2] [Doc. No. 1].
[3] [Doc. No. 2].

be represented by an attorney.[4] This notice stated that both the initial Notice of Removal and the subsequent Notice of Removal were deficient.[5]

On June 12, 2024, Magistrate Judge Hornsby issued a Memorandum Order outlining the multiple deficiencies present in the Notices of Removal.[6] Relevant here, Magistrate Judge Hornsby informed Sims that he was not named as a defendant and that a removal could only be effectuated by a defendant to the matter. Magistrate Judge Hornsby then reiterated that Noah Arc must be represented by an attorney.[7] The Memorandum Order warned Sims and Defendant that the notices of removal would be stricken and the case remanded if the deficiencies were not cured by June 17, 2024.[8]

On June 17, 2024, Sims filed a Motion to Intervene which currently remains pending before the Court.[9] That same day, Sims also filed a Notice of Removal.[10] He signed the Notice as the "attorney in fact" for Noah Arc.[11]

On June 24, 2024, Magistrate Judge Hornsby issued an Order of Remand.[12] Magistrate Judge Hornsby acknowledged that Sims claimed to be an "attorney in fact."[13] However, Sims was not admitted to the bar of this court and was not authorized to sign the notice on behalf of Noah Arc.[14] Accordingly, Magistrate Judge Hornsby ordered that the matter be remanded to the

---

[4] [Doc. No. 3].
[5] [*Id.*].
[6] [Doc. No. 4].
[7] [*Id.*, p. 2-3].
[8] [*Id.*].
[9] [Doc. No. 5].
[10] [Doc. No. 6].
[11] [*Id.*, p. 2].
[12] [Doc. No. 7].
[13] [*Id.*, p. 2].
[14] [*Id.*].

98th Judicial District Court, Travis County, Texas.[15] He stayed the order for fourteen days to allow for an appeal to this Court.[16]

The Appeal is now before this Court.[17] Sims claims that "[a]s the registered agent for the corporation", he serves as the "Attorney-in-Fact, which refers to an individual (agent) granted legal authority in the place of another principal under a power of attorney arrangement."[18] In response, TGLO maintains that remand was appropriate because Sims confirmed that he personally filed a notice of remand and did not retain counsel to sign on behalf of Noah Arc.[19]

The issues are briefed, and the Court is prepared to rule.

## II. LAW AND ANALYSIS

A motion to remand is a dispositive motion subject to *de novo* review by the district court. *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016); FED. R. CIV. P. 27(b).

Here, the Court finds that the Magistrate Judge did not err in issuing an order of remand because Sims and Defendant failed to correct numerous deficiencies in the Notice of Removal. Importantly, FED. R. CIV. P. 11(a) provides that "[e]very pleading … must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented." The Notice of Removal is signed by Sims in his purported capacity as "attorney-in-fact" for Noah Arc, but Sims has not enrolled as counsel for Noah Arc and has not been admitted to practice before this Court. Despite receiving several notices of the deficiency, neither Sims nor Noah Arc corrected that deficiency. Because the Notice of Removal does not satisfy the requirements of FED. R. CIV. P. 11(a), the Magistrate Judge did not err in striking that notice from the record and ordering that the case be remanded.

---

[15] [*Id.*].
[16] [*Id.*].
[17] [Doc. No. 10].
[18] [Doc. No. 10-1, p. 1].
[19] [Doc. No. 19, p. 1].

Additionally, even if this Court should grant Sim's pending Motion to Intervene, that action would not cure the identified deficiency. Sims still would not be enrolled as counsel for Noah Arc and still would not be admitted to practice before this Court. Nor would Sims be able to sign a Notice of Removal on his own behalf. A civil action may only be removed by a defendant. 28 U.S.C. § 1441(a). Sims is not a named defendant in this matter. Accordingly, Sims's pending Motion to Intervene does nothing to cure the deficiencies in the Notice of Removal, and the Magistrate Judge did not err in ordering this action be remanded.

### III. CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** that Sims's Appeal is **DENIED**, and this case is hereby **REMANDED** to the 98th Judicial District Court, Travis County, Texas.

MONROE, LOUISIANA, this 26th day of July 2024.

Terry A. Doughty
United States District Judge